CAROLINE VEIT, Appellant, v. ELVIRA DILL, Respondent.

*Husband and wife — title to land — not as tenants in common — conveyance of the entire estate of the grantor.*

A husband and wife are not seized of land as tenants in common, where they are both named in the deed thereof as grantees, in the absence of any words therein showing an intent on their part to hold the same as tenants in common.

A deed conveyed "all the dower and thirds and right and title of dower * * * and all other right of me, the said Mary Doyle, in and to all," etc., etc.

*Held,* that such language was appropriate to vest in the grantee named in the deed all of the estate that the said Mary Doyle then had in the property conveyed.

APPEAL by the plaintiff, Caroline Veit, from a judgment of the Supreme Court in favor of the defendant, entered in the office of

the clerk of the county of Kings on the 18th day of July, 1893, upon a decision of the court rendered after a trial at the Kings County Special Term, dismissing the plaintiff's complaint upon the merits and directing the plaintiff to complete her contract for the purchase of certain real estate.

*Thomas H. Williams,* for the appellant.

*Wm. B. Hurd, Jr.,* for the respondent.

BROWN, P. J.:

This action was brought in form for the specific performance of a contract for the sale of land, but really to recover the expense incurred in the examination of the title on the ground that the defendant, who was the vendor, could not convey a marketable title.

The defendant acquired title to the land in question from John Moore.

Moore's title came from Mary Doyle and seven children of herself and her husband, John Doyle.

The Doyle title was acquired in 1867 under a deed made to John and Mary, in which there were no words showing any intent on their part to hold as tenants in common.

John Doyle died in 1881.

The case presented is one where the parties appear to have been misled by the case of *Meeker* v. *Wright* (76 N. Y. 262).

Mrs. Doyle, after her husband's death, contracted to sell the land to Moore. Upon the authority of the case cited it was assumed that Doyle and his wife held, as tenants in common, and that the husband's estate, upon his death, descended to his children, subject to the wife's dower. Two deeds were accordingly executed and delivered to Moore; one conveyed the estate of Mrs. Doyle and three adult children in and to ten-fourteenths of the land, and the other conveyed four-fourteenths assumed to be vested in four infant children, and in this share Mrs. Doyle released her dower.

The decision of this case rests upon the construction to be placed upon the latter instrument. The appellant claims it is a conveyance of the dower only, while the Special Term has decided that it was a conveyance of all her estate, whatever it might be. We agree with the trial court.

The conveyance grants, releases, conveys and quit-claims "all the

dower and thirds and right and title of dower * * * *and all other right of me,* the said Mary Doyle, in and to all," etc., etc. The intent of Mrs. Doyle under the contract to convey the whole land is clear, and she received the consideration expressed in the agreement. It is equally clear that she intended, by the instrument from which I have quoted, to convey not only her dower but all other rights she had in the land. The instrument was, in effect, a quit-claim deed, and the language used was appropriate to vest in the grantee all estate she had in the land.

The judgment should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.